11-1584-ag
Molic v. Holder

BIA
A075 862 164
A075 862 165
A075 862 166
A075 862 167

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of September, two thousand twelve.

PRESENT:
>     ROBERT D. SACK,
>     REENA RAGGI,
>     PETER W. HALL,
>         Circuit Judges.

_____

DZAVID MOLIC, MERITA MOLIC, ADMIR MOLIC, EDON MOLIC,
>     *Petitioners,*

>           v.                                    11-1584-ag
>                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:          Andrew P. Johnson, Esq., New York, New York.

**FOR RESPONDENT:**         Tony West, Assistant Attorney
                           General; Lyle D. Jentzer, Senior
                           Litigation Counsel; Paul F. Stone,
                           Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Dzavid, Merita, Admir, and Edon Molic, natives of the former Federal Republic of Yugoslavia, seek review of the March 30, 2011 order of the BIA denying their motion to reopen. *In re Molic et al.*, No. A075 862 164/65/66/67 (B.I.A. Mar. 30, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (*per curiam*).

The BIA's denial of Petitioners' motion to reopen as untimely was not an abuse of discretion. *See Kaur*, 413 F.3d at 233. An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

2

There is no dispute that Petitioners' July 2010 motion was untimely, as the BIA's final administrative decision was issued in 2003. *See id.* The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see* 8 U.S.C. § 1229a(c)(7)(C)(ii). However, the BIA's finding that Petitioners failed to demonstrate changed country conditions is supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Petitioners do not contend that they demonstrated an increased risk of persecution in Kosovo on account of their Albanian ethnicity, a claim dismissed by the IJ in their initial proceedings. Nor do they challenge the BIA's finding that Dzavid's eligibility for adjustment of status is not a basis for reopening his proceedings. Rather, they assert only that the BIA failed expressly to address evidence that they face renewed threats due to their Albanian ethnicity and Serbian extremists' perception that they supported Montenegro's independence. We are not persuaded.

3

The BIA explicitly addressed each piece of evidence proffered by Petitioners to demonstrate future harm, and reasonably found that the evidence did not show that Petitioners faced future persecution in Montenegro.  As the BIA noted, the 2008 Amnesty International article stated that conditions in Montenegro had changed with its declaration of independence in 2006, but did not mention any mistreatment of ethnic Albanians or persons who supported independence.  Moreover, the article indicated that the Montenegrin government prosecutes cases of discrimination, thereby undermining Petitioners' suggestion that the government is unable or unwilling to protect them.  *See Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006) (stating that "persecution" involves harm inflicted either by government of country or by persons or organization that government is unable or unwilling to control).

The affidavits Petitioners submitted do not contradict the background evidence.  Because the 2002 attack against Dzavid's sister predated the 2006 declaration of independence, it cannot reasonably be considered to constitute evidence of *current* conditions in Montenegro. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).  As to the threats Dzavid's sister

4

allegedly received, the BIA reasonably found that while a different person's affidavit speculated that the threats came from Serbian extremists, the sister's affidavit stated that the persons who had threatened her were "unidentified" and had not revealed their motivations.  Because the BIA reasonably found that Petitioners failed to establish changed conditions arising in Montenegro, it did not abuse its discretion in denying their motion as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir. 2001).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5